UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TALVEST ALLEN,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN MATT MACAULEY,<br><br>    Respondent. | Case No. 20-12573<br>Honorable Laurie J. Michelson |

**OPINION AND ORDER DENYING
PETITION FOR WRIT OF HABEAS CORPUS [1]**

An Oakland County jury convicted Talvest Allen of five counts of armed robbery and one count of criminal sexual conduct in the second degree. Allen contends that these convictions violate the Due Process Clause of the federal constitution because they were not supported by sufficient evidence at trial. After raising this claim in the Michigan Court of Appeals and requesting leave to appeal in the Michigan Supreme Court, Allen petitioned this Court for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.)

Because the Court finds that the Michigan Court of Appeals' adjudication of Allen's claim on the merits was not contrary to or an unreasonable application of United States Supreme Court precedent, the Court denies the habeas petition.

I.

A.

Allen's convictions arose from events on April 13, 2017, when he and three other people went to a residence in Oak Park, Michigan in search of a missing wallet.

The night before, there was a small get-together at that same Oak Park house. (ECF No. 8-4, PageID.595 (Trial Tr. at 121 (May 2, 2018)).) Frankia Hines and Tylon Smith were in attendance. (*Id.*)

The morning of April 13, Smith and Hines returned to the home because Smith had lost his wallet and thought it had fallen in the couch cushions. (*Id.* at PageID.596 (Trial Tr. at 122 (May 2, 2018)).) Dejahne Mitchell, who resided at the house, told Smith he would look for the wallet and call Smith if he found it. (*Id.* at PageID.597 (Trial Tr. at 123 (May 2, 2018)).)

Things escalated that afternoon. Around 1 p.m., Smith and Hines returned to the home, but this time they brought Allen and Darius Foster. (ECF No. 8-5, PageID.664 (Trial Tr. at 40 (May 3, 2018)).) As the four of them walked into the house, Allen said, "where my man's wallet at. I know you all got my man's wallet[.]" (*Id.* at 666 (Trial Tr. at 42 (May 3, 2018)).) After Mitchell's father, Ramon Bogus, tried explaining that the wallet was not there, Allen said, "[y]a all took my home boy's wallet, I want all ya all shit." (*Id.* at PageID.666–667 (Trial Tr. at 42–43 (May 3, 2018)).) Bogus tried to give them the money in his wallet, at which point Smith pulled his gun out. (*Id.* at PageID.667 (Trial Tr. at 43 (May 3, 2018)).) Mitchell also

2

remembers Allen "pointing his gun around people[.]" (ECF No. 8-4, PageID.604 (Trial Tr. at 130 (May 2, 2018)).) Allen told everyone to get on the floor. (*Id.* at PageID.668 (Trial Tr. at 44 (May 3, 2018)).)

Then, while Smith held a gun, Allen, Foster, and Hines went around the house and took purses, wallets, car keys, cell phones, belts, money, and watches. (ECF No. 8-4, PageID.527, 569, 571, 588–589, 603–604, 608 (Trial Tr. at 53, 95, 97, 114–115, 129–130, 134 (May 2, 2018)); ECF No. 8-5, PageID.638–639, 649–651, 668, 671–672, 686–687 (Trial Tr. at 14–15, 25–27, 44, 47–48, 62–63 (May 3, 2018)).)

During the robbery, Allen ordered everyone to strip. (ECF No. 8-4, PageID.528 (Trial Tr. at 54 (May 2, 2018)).) LaShawna Hubbard, who was staying at the house, took off her shirt. (*Id.* at PageID.530 (Trial Tr. at 56 (May 2, 2018)).) Allen then ordered Hubbard to follow him to the bathroom. (*Id.* at PageID.531 (Trial Tr. at 57 (May 2, 2018)).) In the bathroom, Hubbard testified that Allen told her to strip to her underwear and then he touched her vagina. (*Id.* at PageID.533–534 (Trial Tr. at 59–60 (May 2, 2018)).) He also took her purse and the chain she was wearing. (*Id.* at PageID.535 (Trial Tr. at 61 (May 2, 2018)).)

The jury found Allen guilty of five counts of armed robbery and one count of criminal sexual conduct in the second degree during a felony. (ECF No. 8-6, PageID.844 (Trial Tr. at 111 (May 7, 2018)).) The state trial court sentenced Allen as a habitual offender to 10 to 22.5 years for the criminal sexual conduct count and to 12 to 60 years on each count of armed robbery; all the sentences were concurrent. (ECF No. 8-7, PageID.860 (Trial Tr. at 6 (July 19, 2018)).)

B.

Allen appealed his convictions as of right, arguing that there was insufficient evidence presented at trial to support his convictions. The Michigan Court of Appeals concluded that sufficient evidence allowed a jury to reasonably conclude that Allen committed armed robbery and criminal sexual conduct. *See People v. Allen*, No. 344853, 2019 WL 6340921, at *4 (Mich. Ct. App. Nov. 26, 2019). Allen applied for leave to appeal this decision to the Michigan Supreme Court but was denied leave because the Court was "not persuaded" that it should review "the question presented." (ECF No. 8-9, PageID.958.)

Allen then filed a pro se petition for habeas corpus in this Court in 2020. (ECF No. 1.) Allen argues that the Michigan Court of Appeals erred in finding that there was sufficient evidence to convict Allen of armed robbery and criminal sexual conduct. (*Id.* at PageID.25–26.)

II.

To succeed on his insufficient-evidence claim, Allen must overcome two layers of deference. If this Court were deciding the issue in the first instance, it would have to defer to the jury's determination under *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Thus, it would review the evidence "in the light most favorable to the prosecution" and determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009); *Thomas v. Stephenson*, 898 F.3d 693, 698 (6th Cir. 2018). This standard

"gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (internal quotations omitted).

The second layer of deference arises because the Michigan Court of Appeals addressed Allen's insufficient-evidence claims "on the merits." In particular, Allen "[must] show that the relevant state court 'decision' (1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.'" *Wilson v. Sellers*, 138 S. Ct. 1188, 1191 (2018) (quoting 28 U.S.C. § 2254(d)).

So putting the § 2254(d) and *Jackson* standards together, the Court must determine whether the Michigan Court of Appeals unreasonably concluded that a rational trier of fact could find the essential elements of the crimes beyond a reasonable doubt. It did not.

### III.

Allen argues that the Michigan Court of Appeals unreasonably applied *Jackson* because there was no evidence showing that he possessed a weapon during the commission of the robbery. (ECF No. 1, PageID.25.) Allen also argues that there was no evidence supporting his conviction of criminal sexual conduct because the only eyewitness was not credible. (*Id.* at PageID.26.) The Court addresses each in turn.

5

## A. Armed Robbery

The Michigan Court of Appeals concluded that a jury could have reasonably found that Allen was armed during the robbery because of witness testimony. *People v. Allen*, No. 344853, 2019 WL 6340921, at *3 (Mich. Ct. App. Nov. 26, 2019). And even if the testimony was insufficient, said the court, there was sufficient evidence that Allen aided and abetted an armed robbery, which means he could be convicted as if he "directly committed the offense" under Michigan law. *Id.* (quoting Mich. Comp. Laws § 767.39).

Both of these conclusions were reasonable under *Jackson*. *See* 28 U.S.C. § 2254(d).

Contrary to Allen's assertion that "[n]ot one of the witnesses testified that Mr. Allen ever possessed a weapon" (ECF No. 1, PageID.25), Mitchell testified that during the robbery, Allen "was pointing his gun around people[.]" (ECF No. 8-4, PageID.604 (Trial Tr. at 130 (May 2, 2018)).) Mitchell's testimony alone constitutes sufficient evidence because, if a jury credited his testimony, it would believe that Allen possessed a weapon during the robbery. "Indeed, this Court has long held that the testimony of the victim alone is constitutionally sufficient to sustain a conviction." *Tucker v. Palmer*, 541 F.3d 652, 658 (6th Cir. 2008) (cited by *Sarr v. Cook*, No. 21-3536, 2022 WL 1286795, at *3 (6th Cir. Jan. 25, 2022)). This is true even if, as Allen argues, other witnesses testified that he did not have a gun. *Smith v. Nagy*, 962 F.3d 192, 206 (6th Cir. 2020).

Allen's citation to *People v. Jolly* is inapt. *See* 502 N.W.2d 177 (Mich. Ct. App. 1993). Michigan's armed robbery statute allows the prosecution to establish that the defendant was armed with either (1) "a dangerous weapon" or (2) "an article used or fashioned in such a way as to lead a reasonable person to believe that it was a dangerous weapon at the time of the robbery." Mich. Comp. Laws § 750.529. Under the second option, "the subjective belief of the victim" is not enough: "there must be some objective evidence of the existence of a weapon or article before a jury will be permitted to assess the merits of an armed robbery charge." *Jolly*, 502 N.W.2d 177, 181. Allen incorrectly takes this to mean that Mitchell's testimony is insufficient. But Mitchell's testimony goes to show that Allen was armed with "a dangerous weapon" (the first option), and not toward whether he had an article that a reasonable person would believe was a dangerous weapon. And in any case, *Jolly* does not stand for the proposition that witness testimony is insufficient. To the contrary, it found employee testimony that (1) he saw a bulge in the defendant's vest large enough to conceal a handgun and (2) an accomplice said that the defendant would shoot them was sufficient evidence to support submitting armed robbery to the jury even if no weapon was ever seen or recovered. *Jolly*, 502 N.W.2d at 182. So *Jolly* does not persuade this Court that the Court of Appeals acted unreasonably.

The Court of Appeals also reasonably concluded that there was sufficient evidence that Allen aided and abetted the armed robbery. *See* 28 U.S.C. § 2254(d).

7

To convict a defendant of aiding and abetting a crime, Michigan law requires a prosecutor show that: (1) the crime charged was committed by the defendant or some other person; (2) the defendant performed acts or gave encouragement that assisted the commission of the crime; and (3) the defendant intended the commission of the crime or knew that the principal intended to commit the crime at the time he or she gave aid and encouragement. *People v. Carines*, 597 N.W.2d 130, 135 (Mich. 1999); *see also People v. Robinson*, 715 N.W.2d 44, 47–48 (Mich. 2006); Mich. Comp. Laws § 767.39.

Starting with the first element, several witnesses testified that Allen and three other individuals came to the house to get Smith's wallet and that (at least) Smith and Foster pulled out guns during the incident. (ECF No. 8-4, PageID.522–524, 567, 577, 586, 603–604, 612 (Trial Tr. at 48–50, 93, 103, 111–113, 129–130, 138 (May 2, 2018)); ECF No. 8-5, PageID.635, 645, 647–649, 655–656, 667 (Trial Tr. at 11, 21, 23–24, 31–32, 43 (May 3, 2018)).) Allen, Foster, and Hines then went around the house and took purses, wallets, car keys, cell phones, belts, money, watches, and a gold chain. (ECF No. 8-4, PageID.527, 569, 571, 588–589, 603–604, 608 (Trial Tr. at 53, 95, 97, 114–115, 129–130, 134 (May 2, 2018)); ECF No. 8-5, PageID.638–639, 649–651, 668, 671–672, 686–687 (Trial Tr. at 14–15, 25–27, 44, 47–48, 62–63 (May 3, 2018)).) From these facts, it was reasonable for a jury to find that Foster and Smith committed armed robbery.

The jury also heard evidence that Allen encouraged and performed acts that helped with the commission of the armed robbery. As noted, witnesses testified

8

that Allen collected valuable items from around the house during the robbery. He and Smith also ordered people to the floor. (ECF No. 8-4, PageID.522, 528–530 (Trial Tr. at 48, 54–56 (May 2, 2018)); ECF No. 8-5, PageID.635, 668 (Trial Tr. at 11, 44 (May 3, 2018))).

As for intent, the jury heard that Allen said, "Ya all took my home boy's wallet, I want all ya all shit." (ECF No. 8-5, PageID.667 (Trial Tr. at 43 (May 3, 2018)).) Allen also said, "blow their ass" and/or "blow all these bitches" when he entered the home. (ECF No. 8-4, PageID.530, 589 (Trial Tr. at 56, 115 (May 2, 2018)).) And at trial, police officer Robert Koch testified that Allen told him that he had agreed to go to the house to help Smith recover his wallet. (ECF No. 8-5, PageID.719–720 (Trial Tr. at 95–96 (May 3, 2018)).)

In all, there was sufficient evidence that Allen aided and abetted the armed robbery, or, at least, it was reasonable for the Michigan Court of Appeals to have reached that conclusion. *See* 28 U.S.C. § 2254(d).

The Court will thus not grant the writ on the basis that there was insufficient evidence that Allen was armed.

### B. Criminal Sexual Conduct

Allen contends that he was improperly convicted of criminal sexual conduct in the second degree because the only evidence against him was the testimony of the complaining witness. (ECF No. 1, PageID.25–26.) Allen further states that a "rape kit was never presented or offered as evidence against Mr. Allen." (*Id.*)

9

The Court of Appeals found that "[Hubbard's] testimony was sufficient for a rational jury to find beyond a reasonable doubt that defendant engaged in sexual contact with her during the commission of an armed robbery and there accordingly was sufficient evidence to sustain defendant's CSC-II conviction." *People v. Allen*, No. 344853, 2019 WL 6340921, at *4 (Mich. Ct. App. Nov. 26, 2019). This conclusion was not an unreasonable application of or contrary to *Jackson*.

As the Court already noted, the Sixth Circuit "has long held that the testimony of the victim alone is constitutionally sufficient to sustain a conviction." *Tucker v. Palmer*, 541 F.3d 652, 658 (6th Cir. 2008) (cited by *Sarr v. Cook*, No. 21-3536, 2022 WL 1286795, at *3 (6th Cir. Jan. 25, 2022)). And though not necessary, in this case, other witnesses corroborated Hubbard's account by testifying that they observed Allen and her enter or exit the bathroom and saw her partially disrobed and upset. (ECF No. 8-4, PageID.577, 590, 607 (Trial Tr. at 103, 116, 133; (May 2, 2018)); ECF No. 8-5, PageID.637–638, 669–671 (Trial Tr. at 13–14, 45–46 (May 3, 2018)).) Further, the Court may not reassess credibility when reviewing a habeas claim premised on the sufficiency of the evidence. *Jackson*, 443 U.S. at 326; *Smith v. Nagy*, 962 F.3d 192, 206 (6th Cir. 2020) ("[T]he court must consider the trial testimony and exhibits in the light most favorable to the prosecution, and may not reassess the weight of the evidence or the credibility of witnesses.").

So the Court will also not grant the writ on the basis that there was insufficient evidence supporting Allen's criminal sexual conduct charge.

10

## IV.

In sum, the Court DENIES Allen's petition for a writ of habeas corpus. (ECF No. 1.) A separate order on the certificate of appealability and separate judgment will follow.

SO ORDERED.

Dated: September 27, 2022

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE
